UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:21-cr-00048

33 U.S.C. § 1319(c)(4)

**CHRISTOPHER HALL**

### INFORMATION
(False Statement on Sludge Management Report)

The United States Attorney Charges:

### BACKGROUND

1. The Federal Water Pollution Control Act, Title 33, United States Code, Section 1251 et. seq. (hereinafter referred to as the "Clean Water Act"), was enacted by Congress to restore and maintain the chemical, physical and biological quality of the nation's waters. The Clean Water Act, and the regulations promulgated pursuant thereto, prohibited the discharge of any pollutant from a point source into the waters of the United States except in compliance with a permit issued pursuant to the Clean Water Act under the National Pollution Discharge Elimination System ("NPDES") by the United States Environmental Protection Agency ("EPA") or an authorized state, 33 U.S.C. §§ 1311(a) and 1342.

2. The EPA delegated the NPDES program to the State of West Virginia in May 1982; see 47 Fed. Reg. 22,363 (May 24, 1982). Thereafter, and at all relevant times, the program in West Virginia was administered by the West Virginia Department of Environmental Protection ("WVDEP"), subject to oversight by the EPA.

3. The Town of Matewan was located along the Tug Fork River in Mingo County, West Virginia. Matewan owned Publicly Owned Treatment Works ("POTW") which treated residential and commercial sewage. Matewan operated the POTW with municipal employees since February 2017.

4. Pursuant to the delegation of authority, the WVDEP issued an NPDES permit to the Town of Matewan on March 19, 2013, which authorized the operation of the POTW, permit no. WV0024783.

5. The Matewan POTW utilized various components to provide primary and secondary treatment. Domestic sewage was collected in lines that led to a treatment plant that screened solids and provided aeration and chemical treatment to facilitate bacterial breakdown of the sewage. The treated domestic sewage wastewater was discharged into the Tug Fork River through a pipe at a specific location approved in the NPDES permit.

6. Before the wastewater was chemically treated and discharged, it flowed to a holding tank where the suspended solids

gradually sank to the bottom. That mass of solids, called sludge, was required by the NPDES permit to be transported to a landfill for disposal. The NPDES permit prohibited the discharge of sludge into surface waters, including the Tug Fork River.

7. Defendant CHRISTOPHER HALL was licensed by the State of West Virginia as a Waste Water Treatment Plant Operator with a Class I certificate from January 24, 2013 through January 31, 2015. He did not seek to renew his license after it expired in January 2015.

8. Defendant CHRISTOPHER HALL was employed by Matewan as the manager of the POTW from on or about February 2017 to October 2018.

9. As manager of the POTW, defendant CHRISTOPHER HALL was required to comply with all terms and conditions of the NPDES Permit, including the requirement to monitor and report the quality and quantity of sewage sludge generated at the POTW, and the disposal location of the sludge on monthly reports submitted to WVDEP.

10. As manager of the POTW, defendant CHRISTOPHER HALL was responsible for ensuring that sludge generated at the POTW was collected and transported to a designated landfill. The Ford Branch Landfill in Pike County, Kentucky, was the designated landfill.

11. Defendant CHRISTOPHER HALL was required by the Clean Water Act and the terms of the applicable NPDES permit to submit sludge management reports each month to the WVDEP indicating the quantity of sludge and the method of disposal.

12. Defendant CHRISTOPHER HALL knew the WVDEP used the information submitted on sludge management reports as part of the agency's regulatory management of the Matewan POTW.

## THE FALSE STATEMENT

13. On or about August 20, 2018, defendant CHRISTOPHER HALL submitted a sludge management report to the WVDEP on which he asserted that in July of 2018, five tons of sludge had been generated at the POTW and transported to a landfill for disposal.

14. When he submitted the sludge management report to WVDEP, defendant CHRISTOPHER HALL knew that he submitted false information to the WVDEP because he knew that five tons of sludge had not been transported to a landfill for disposal.

15. On or about August 20, 2018, at or near Matewan, Mingo County, West Virginia, within the Southern District of West Virginia, defendant CHRISTOPHER HALL did knowingly submit materially false statements on a sludge management report required to be maintained and filed by the Clean Water Act.

In violation of Title 33, United States Code, Section 1319(c)(4).

                    UNITED STATES OF AMERICA

                    LISA G. JOHNSTON
                    Acting United States Attorney

By: _____
     ERIK S. GOES
     Assistant United States Attorney